## In re Theodore L. Sevene

[396 A.2d 1390]

No. 258-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed January 11, 1979

*James L. Morse,* Defender General, *Charles S. Martin,* Appellate Defender, *David W. Curtis,* Acting Appellate Defender, *William A. Nelson,* Appellate Defender, and *Jack Sahl* (Law Clerk On the Brief), Montpelier, for Petitioner.

*Mark J. Keller,* Chittenden County State's Attorney, and *Thomas F. Garrett,* Deputy State's Attorney, Burlington, for Respondent.

**Per Curiam.** Appellant, after pleading guilty in District Court of Vermont, Unit No. 2, Chittenden Circuit, to a charge of statutory rape (13 V.S.A. § 3201), was sentenced to a term of five to ten years. He later brought his petition for review of sentence, under 13 V.S.A. §§ 7131–7137, to the Chittenden Superior Court, alleging that he was functionally illiterate,

had not had his presentence investigation report read to him until some weeks after sentence, and only then discovered substantial inaccuracies in it bearing upon his sentence. He asked for an order making the report available for purposes of trial, a request never acted upon.

The trial court made extensive findings and conclusions of law, denying appellant the relief sought. It found appellant to be functionally illiterate, and also found that the presentence report was read by his attorney, who discussed with appellant only what the attorney "felt were the important details." It found that appellant had the entire report read to him for the first time some two to three weeks after sentencing.

■ The trial court also found, in a finding pervading its entire conclusion, that "the petitioner has failed to substantiate his claim that inaccuracies in the presentence report were such as to serve as grounds for vacating his plea and subsequent sentence."

■ Absent the presentence report itself from the consideration of the trial court, we cannot rule the quoted finding to be supported. Its text was sought by the appellant. For whatever reason, it was not produced. Appellant's complaint could not be adjudicated adequately in its absence. V.R.Cr.P. 32(c)(5) and 28 V.S.A. § 204(d) reveal a policy that these reports be available for inspection, in the court's discretion, when availability is in the best interests of the defendant. See also Reporter's Notes, V.R.Cr.P. 32(c)(5). Here, the circumstances were such that the sound exercise of that discretion could only have resulted in the production of the report as requested.

*The order dismissing appellant's petition is vacated, and the cause is remanded for new trial.*